# IN THE COURT OF APPEALS OF IOWA

No. 19-2072
Filed May 12, 2021

**DAVID SANCHEZ,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Scott Beattie, Judge.


　　David Sanchez appeals the dismissal of his application for postconviction relief. **AFFIRMED.**



　　Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.


　　Considered by Doyle, P.J., Greer, J., and Vogel, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

David Sanchez appeals the dismissal of his application for postconviction relief (PCR). Following a series of events in 2013, Sanchez was convicted of robbery in the first degree, intimidation with a dangerous weapon, and attempted burglary in the first degree. *See State v. Sanchez*, No. 14-1497, 2015 WL 8388417, at *1–3 (Iowa Ct. App. Dec 9, 2015) (setting forth the underlying facts for his convictions). We affirmed his convictions on direct appeal. *See id.* at *3–6.

This appeal results from a PCR application filed on August 21, 2017.[1] Sanchez's application proceeded to trial, and the district court rejected his claims and dismissed his application on November 16, 2018. Sanchez appeals, raising three issues.

"[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "In addition, we give weight to the lower court's findings concerning witness credibility." *Id.* To prevail, Sanchez must

---

[1] Sanchez has filed three PCR applications. On May 3, 2015, he filed his first PCR application, which the court dismissed on Sanchez's motion on March 16, 2017. On August 21, 2017, he filed his second PCR application. On November 16, 2018, the district court dismissed his second PCR application. While the November 2018 ruling is the subject of this appeal, Sanchez did not appeal the ruling at that time. Instead, on February 14, 2019, he filed a third PCR application, asserting his counsel for the second PCR proceeding was ineffective for failing to timely appeal the November 2018 ruling. On December 12, 2019, the district court agreed with Sanchez that his prior PCR counsel was ineffective for failing to timely appeal. The district court allowed Sanchez to file his notice of appeal for the November 2018 ruling at this time, which leads to this appeal. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (when a PCR applicant alleges ineffective assistance of counsel in a prior PCR action, allowing the subsequent PCR action to relate back to the prior PCR application if the subsequent PCR application is filed promptly after the conclusion of the prior PCR application). The State did not appeal the December 2019 ruling.

show "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 761 N.W.2d 185, 195 (Iowa 2008).

First, Sanchez argues his trial counsel was ineffective because—as he testified to in his PCR trial—his counsel failed to communicate the details of an alleged plea offer to robbery in the second degree. The PCR court—relying on the filings in the criminal proceeding and trial counsel's testimony for the PCR proceeding—found counsel did not fail to communicate the alleged plea offer because the State never offered a plea to robbery in the second degree. Furthermore, the court found Sanchez was aware of the details of any plea offer because the State communicated those details directly to Sanchez.

Second, Sanchez argues his trial counsel was ineffective for failing to present his mental-health and substance-abuse records to support his defense of intoxication and diminished responsibility. The PCR court found Sanchez's expert witness, a licensed psychologist and clinical neuropsychologist, likely had access to these records and testified to Sanchez's mental-health and substance-abuse history during the criminal trial. Thus, the PCR court found no prejudice in any failure to directly offer Sanchez's records into evidence.

Third, Sanchez argues his trial counsel was ineffective for failing to object to testimony about Sanchez's other suspected criminal activity that night and Sanchez's disrespectful comments while in custody. The PCR court—relying on trial counsel's testimony for the PCR proceeding—found counsel waived objections to these statements in order to support the defenses of intoxication and diminished capacity and "convince the jury all of Sanchez's actions were not the actions of a sane and sober man." *See Ledezma*, 626 N.W.2d at 143

("Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel."). Furthermore, the court found no prejudice resulted because the evidence of Sanchez's guilt was substantial.

On our de novo review of the record, and placing weight on the district court's findings of credibility, we agree with the district court. Sanchez has not shown his trial counsel failed to perform an essential duty, and no prejudice resulted from any of his claimed errors because the evidence of his guilt is overwhelming. Iowa Ct. R. 21.26(1)(d), (e). Therefore, we affirm the dismissal of his PCR application.

**AFFIRMED.**